Walter **MINIARD**, Appellant,

v.

**John L. LEWIS et al., Trustees, United Mine Workers of America Welfare and Retirement Fund of 1950, Appellees.**

No. 20820.

United States Court of Appeals District of Columbia Circuit.

Argued Oct. 13, 1967.

Decided Dec. 19, 1967.

Petition for Rehearing Denied Jan. 26, 1968.

Mr. Orlin L. Livdahl, Jr., with whom Mr. Julian H. Singman, Washington, D. C., was on the brief, for appellant. Mr. B. Michael Rauh, Washington, D. C., also entered an appearance for appellant.

Mr. Harold H. Bacon, Washington, D. C. with whom Messrs. Welly K. Hopkins and Joseph T. McFadden, Washington, D. C., were on the brief, for appellees.

Before EDGERTON, Senior Circuit Judge, and BURGER and TAMM, Circuit Judges.

PER CURIAM:

Appellant Miniard worked in the coal industry continuously from December 1926 until he retired in February 1959, with the exception of one intervening eight year period. That intervening period was from 1944 until 1952 when he was employed as a life insurance salesman. After his retirement and on the basis of that employment record, Miniard applied to the trustees of the United Mine Workers of America Welfare and Retirement Fund of 1950 [1] for a pension. When his application was denied, he brought suit in the District Court for damages and to compel his enrollment as a beneficiary of the Fund. Cross motions for

1. The fund was created by the National Bituminous Coal Wage Agreement of 1950, pursuant to authorization by Sec-
tion 302(c) (5) of the Taft-Hartley Act, 61 Stat. 157, 29 U.S.C. § 186(c) (5) (1964).

summary judgment were made, the trustees' motion was granted, and this appeal was taken.

An eligibility requirement—established and applied by resolution of the trustees [2]—provides that an applicant must have retired or ceased work in the industry after May 28, 1946 and must have been employed in the industry immediately preceding May 29, 1946. A proviso follows that requirement: "if he had retired or ceased working in the Bituminous Coal Industry prior to May 29, 1946, he shall be eligible for a pension only upon the completion of twenty (20) years' service in the Bituminous Coal Industry * * * [and had met other requirements] subsequent to May 28, 1946." Interpretation of this proviso is the base of this controversy.

Miniard concedes that he is not eligible for a pension under the initial clause of the contested resolution because he was not employed in the industry immediately preceding May 29, 1946. However, he contends that he is so clearly eligible under the proviso that a denial of his application by the trustees was arbitrary and capricious. He bases this contention on his interpretation of the proviso as requiring that the twenty years' service be *finished* after May 28, 1946. The trustees, on the other hand, interpret the proviso [3] as requiring that the twenty years' service be both *commenced and finished* after May 28, 1946. As appellant recognizes, the scope of our review is limited to determining whether the trustees' action was arbitrary or capricious.[4]

 The difficulty with appellant's contention is that the facts do not support it.[5] While the contested phrase in the resolution may be susceptible to the interpretation which he urges, it is at least equally susceptible to the trustees' interpretation. Consequently, he calls upon us to decide which of the two competing interpretations is more reasonable or is more likely to have been intended. This we may not do. Since the trustees' interpretation is a reasonable one, its application in this case was not arbitrary or capricious.

The judgment of the District Court granting appellees' motion for summary judgment is affirmed.

Affirmed.

---

2. The National Bituminous Coal Wage Agreement of 1950 gives the trustees full authority within the terms of applicable law "with respect to questions of coverage and eligibility * * * *" Joint Appendix at 12.

3. It is not entirely clear from the record whether the trustees have consistently interpreted the resolution as they have here. Nevertheless, appellant conceded at oral argument that the interpretation they relied upon had been published by the trustees before his application was filed. Thus, no contention as to lack of notice of the interpretation is involved.

4. Kosty v. Lewis, 115 U.S.App.D.C. 343, 346, 319 F.2d 744, 747 (1963); Danti v. Lewis, 114 U.S.App.D.C. 105, 108, 312 F.2d 345, 348 (1962).

5. Apparently sensing this, appellant mounts an additional challenge to the trustees' action—that their interpretation, even if not arbitrary or capricious, violates the labor laws of the United States. The allegation is founded on a union's duty to represent, equally and without discrimination, the interests of all employees in a bargaining unit. Even though the fund here resulted from bargaining between the employers and the union, we believe that the traditional duty owed by a union to its members is not applicable. Rather, the trustees' duties are those of fiduciaries because *as trustees* they perform a separate function and do not act as representatives of either the employers or the union. Accord, United Marine Division v. Essex Transportation Co., 216 F.2d 410, 412 (3rd Cir. 1954).