Samuel **BARNINGER** et al., on behalf of themselves and all others similarly situated, Plaintiffs,

v.

**NATIONAL MARITIME UNION** and Board of Trustees, National Maritime Union Pension Plan, Defendants.

No. 72 Civ. 1494.

United States District Court, S. D. New York.

Sept. 12, 1972.

Rabinowitz, Boudin & Standard, New York City, for plaintiffs.

Abraham E. Freedman, New York City, for National Maritime Union.

Proskauer, Rose, Goetz & Mendelsohn, New York City, for National Maritime Union Pension Plan.

## MEMORANDUM

BRIEANT, District Judge.

Defendant Board of Trustees of the National Maritime Union Pension Plan has moved by notice for an order pursuant to Rule 12(b)(1), F.R.Civ.P. dismissing this action as to the defendant Board of Trustees only, on the ground that the Court lacks subject matter jurisdiction over that defendant.

The amended complaint filed June 30, 1972, asserts that plaintiffs are seamen (unlicensed personnel) on board United States merchant vessels, and that the defendant National Maritime Union ("Union") is a labor organization representing them. Defendant Board of Trustees is the governing body administering the N.M.U. Pension Plan, established by the Union on August 1, 1950. Six of the twelve trustees of defendant Board of Trustees are appointed by the Union, and six were appointed by a now defunct employer's group. The complaint specifically alleges jurisdiction by virtue of 28

U.S.C. § 1337, and that the action arises under the Labor Management Relations Act, 29 U.S.C. § 141 et seq.

The complaint alleges that the Union negotiated and administered collective bargaining agreements affecting plaintiff and others similarly situated, and charges a pattern and practice of discrimination against plaintiffs and their class of seamen, depriving them of their right to fair representation under the Labor Management Relations Act. Ford Motor Co. v. Huffman, 345 U.S. 330, 337, 73 S.Ct. 681, 97 L.Ed. 1048 (1953).

By reason of circumstances existing between 1951 and 1955, the early "cold war" years, a number of persons, including these plaintiffs, who had served as merchant seamen were denied continuing employment. Originally, such denial of employment arose because they were unable to obtain security clearances from the Coast Guard. On October 26, 1955, the United States Court of Appeals for the 9th Circuit (Parker v. Lester, 227 F.2d 708) held these government procedures unconstitutional and void. Thereafter, the plaintiffs and those whose cause they plead became eligible to return to employment. Some of the plaintiffs had served as merchant seamen since 1937 and prior thereto, except for that hiatus in their employment.

After being restored to job availability by the judgment of the Court of Appeals, members of this class were placed at a low level of seniority privileges in the union hiring halls, and accordingly, it is alleged, some did not work following the decision.

We are told, in averments which must be taken as true for purposes of this motion, that the Union made employment either unlikely or impossible for those persons whose cause plaintiffs assert. It is said that this later conduct was violative of the duty owed by the Union to plaintiffs to give fair representation, and on September 18, 1958 this Court in Berman v. N.M.U. et al., 166 F.Supp. 327 (Judge Bicks) denied a motion to dismiss a complaint, seeking among other things to enjoin the Union from refusing to register plaintiffs for employment on a non-discriminatory basis of seniority.

Thereafter, an order of settlement dated February 29, 1960 was entered in that cause, which in essence provided that members of plaintiffs' alleged class should be dealt with in all respects with out discrimination on the same basis as all other seamen similarly situated.

In the instant case, plaintiffs assert that the defendant Pension Plan trustees had adopted a regulation, or criterion for qualifying for pension credit for services prior to 1951, and that the criterion provides that person must have been employed during the period from January 1, 1951 to December 31, 1953. It is claimed that this rule was adopted [by the trustees] solely for the purpose of excluding seamen who as it later turned out, were inappropriately denied employment during that period for disloyalty, or as security risks. The trust regulations also define as a break in continuous service, and accordingly establish as a basis for loss of prior service credit the period of time during which plaintiffs were unlawfully denied employment by government action or by the union hiring hall seniority practices challenged before Judge Bicks. The text of these relevant regulations, as amended, is set forth in detail in the complaint.

For purposes of disposition of this motion, it is satisfactory to say that the regulations have the effect of discriminating against these plaintiffs, and it remains for litigation whether that discrimination is unlawful. No motion to dismiss the complaint has been made by the defendant Union.

The pension and welfare plan exists by reason of collective bargaining conducted by the Union for the benefit of union members. It remains a fair ground for litigation whether defendant Union has denied these plaintiffs its statutory duty of fair representation by participating in any way, directly or in-

directly, or causing a discriminatory plan by the trustees to deny to this particular class or group of employees credit for their services prior to 1950 which would otherwise be covered by the retirement trust as continuous employment, but for the break in employment caused, it is said, by the illegal acts of the Union, or government.

Jurisdiction over the Union is clear and not questioned. O'Mara v. Erie Lackawanna Ry. Co., 2 Cir., 407 F.2d 674, 679.

The narrow question before the Court on this motion is whether all the trustees of the pension plan bargained for by the Union may be made a party defendant. Numerous cases have allowed the employer to be named as an additional defendant, together with a union in cases arising under the National Labor Relations Act.

Defendant Board of Trustees contend correctly that there is no independent statutory duty on the part of the trustees to discharge any duty of fair representation [in collective bargaining] towards the employees. It is asserted that a state claim based on common law requirements could be asserted, but this argument begs the factual question as to how the trust eligibility rules evolved in the first instance. It would negate this Court's jurisdiction over the Union, granted by the statute, if the Union could effectuate a plan of unlawful discrimination indirectly, through the agency of an independent board of trustees, half of which is appointed by the Union, rather than directly by union rule, or a provision in the collective bargaining agreement.

This is not to say that the Union or the trustees have discriminated; that remains a triable issue. However, the factual pattern justifies at least a suggestion that the dates selected by the trustees, and the "break-in-service" provisions of the eligibility rules adopted by the trustees are related to prior unlawful discrimination practiced against plaintiffs by the Union. The factual situation readily distinguishes the cases cited by defendants, because the regulation relates directly to entitlement to a pension, usually a subject of collective bargaining, rather than a mere administrative detail of pension trust administration. In Miniard v. Lewis, 128 U.S. App.D.C. 299, 387 F.2d 864 (1967) for example, the sole issue was the reasonableness of an interpretation placed by the trustees on eligibility provisions. Judicial review was limited to the issue of arbitrariness, which was decided. Footnote No. 5 therein is dictum unless restricted to the area of trust administration and interpretation, which is what was before that Court. More fundamental rights are here involved.

If plaintiffs' allegations are valid, there has been a breach of a federally protected right, and at the very least the trustees would seem to be necessary, if not indispensable, parties to the granting of any relief. It would be futile to permit the litigation to continue against the Union only, which all parties admit that it may, and then find that the Court could not measure its equitable remedy to effectuate the needs of justice because the trustees were not before the Court.

Sufficient connection between the trustees and the Union appears so that the trustees are a necessary party to the adjudication of what is admittedly a federal right. In order that the trial court may make a full and complete disposition, it is necessary that the trustees remain in the action as parties defendant, and to that extent, jurisdiction over them exists. Nedd v. United Mine Workers of America, 400 F.2d 103, 107 (3rd Cir. 1968). Within the meaning of Rule 19, F.R.Civ.P., the Board of Trustees must be joined because "in his absence complete relief cannot be accorded among those already parties". Also, the Board is so situated within the meaning of that rule that disposition of the action in its absence may impair the interests the Board represents, or result in

multiple or otherwise inconsistent determinations.

The motion is denied. Settle order on notice providing for the time within which the defendant Board of Trustees may plead.