Henry LOWENSTERN, Appellant,

v.

INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, et al.

No. 72–1012.

United States Court of Appeals, District of Columbia Circuit.

May 21, 1973.

---

**1212**

Joseph M. Stone, Washington, D. C., was on the brief for appellant.

Plato E. Papps, Washington, D. C., was on the brief for appellees.

Before WINTER,* Circuit Judge for the Fourth Circuit, and MacKINNON and ROBB, Circuit Judges.

MacKINNON, Circuit Judge:

This is an appeal from an order of the District Court granting summary judgment in favor of the International Association of Machinists and Aerospace Workers, AFL–CIO (hereinafter IAM) in a dispute over the "vesting" provision of their "Grand Lodge Pensions." [1] The District Court found that the interpretation of the Plan adopted by the Administrators in denying appellant Lowenstern the *vested rights* he claimed was not arbitrary and capricious and therefore must be upheld. We agree.

The IAM maintains a Pension Plan for its officers, representatives and employees administered by designated Administrators.[2] Appellant Lowenstern was employed by the IAM on March 15, 1952 as a "professional or technical employee," was initiated into the IAM on January 5, 1954 and was at all relevant times thereafter a member in good standing of the union. On September 16, 1968, appellant requested and was granted a leave of absence from his employment with IAM for the period from September 16, 1968 to February 1, 1969 to "try . . . out in a new position as Executive Editor of the monthly Labor Review at the U. S. Department of Labor." [3] Appellant never returned to work at the IAM and on January 22, 1969 appellant submitted his resignation from IAM to be effective February 1, 1969. At no time subsequent to December 31, 1968 did appellant do any work for IAM. These facts are not in dispute.

Appellant sought a determination from the Administrators that he was entitled to "vested" benefits [4] under section 6 of the Pension Plan. The Administrators found he was not so entitled and appellant instituted this action in the District Court. The relevant provisions of the Pension Plan concerning "vesting" of benefits provide *in toto:*

### "Vesting"

Sec. 6. G.L. elective and appointive officers, representatives and all G.L. R.s., G.L.As., special representatives and coordinators assigned to G.L. Headquarters, regional offices or to special assignment work who must be good-standing members of the I.A.M. and who have rendered service in any of the above capacities on or after January 1, 1957, shall accrue vested rights in the Pension Plan as herein provided. *Vested rights shall also extend to any professional or technical employee of the G.L. who is employed on January 1, 1969, and who is, and has been, a member in good-standing of the I.A.M. from at least September 1, 1968.*[5]

All of the G.L. officers, representatives and other personnel referred to in the preceding paragraph who have

---

\* Sitting by designation pursuant to 28 U.S.C. § 291(a) (1970).

1. IAM Constitution, Art. XIV, adopted September, 1968, effective January 1, 1969.

2. *Id.*, Art. XIV, § 2.

3. Appellant's brief, p. 3.

4. It is only the vesting rights, not his pension rights, that are here in dispute.

5. Appellant's brief, p. 5, asserts: "Plaintiff believes that an employee on leave of absence remains an employee during such period and is 'employed' while on such leave. . . . " This statement of the issue fails to take into account a vital fact here, that during said "leave of absence" appellant was employed by another employer, *i. e.*, the United States Government.

rendered 15 years of service, as set forth in Section 4 of this Art., and who, on or after January 1, 1957, voluntarily leave the employment of the G.L. or are otherwise terminated prior to reaching the age of 55, will qualify for payments from the Pension Plan as provided for in Sec. 7 of this Art. upon reaching the age of 55.

The vested rights accorded herein shall be cancelled upon the death of an individual with less than 15 years of credited service or upon termination of good-standing membership in the I.A.M., and are also subject to the provisions prescribed in Secs. 10 and 11 of this Art.

All office and clerical employees, and any other personnel not specified in this Sec. as having vested rights, shall not accrue any vested rights in the Pension Plan. They shall, however, continue to be eligible for pensions as provided in Secs. 3, 4, and 5 of this Art. as long as they maintain an employment relationship with the I.A.M. (such employees will be considered to be in an employment relationship during periods of regularly scheduled employment, temporary layoffs, any other layoffs during which rights of recall remain effective, sick leaves, and leaves of absence). Any employee covered by this paragraph will become ineligible for pension when his or her employment relationship with the I.A.M. is terminated.

No person shall qualify for more than one pension under the Pension Plans embodied in this Constitution.

Constitution of the International Association of Machinists and Aerospace Workers, AFL–CIO, Art. XIV, § 6 (emphasis added). Since appellant was a professional or technical employee who was a member in good standing of the IAM, the only issue is whether he was "employed" by IAM on January 1, 1969 when he was trying out in a new position with the U.S. Department of Labor during his leave of absence from the union. The decision on this issue determines whether his rights "vested" under the terms of the italicized language of § 6, *supra*.

■ Our scope of review in such cases is limited to a determination of whether the decisions by the Administrators were arbitrary and capricious in denying appellant his request. Assalone v. Carey, 154 U.S.App.D.C. 69, 473 F.2d 199 (1972); Gaydosh v. Lewis, 133 U.S. App.D.C. 274, 410 F.2d 262 (1969). In this case appellant urges an interpretation of the word "employed" that is broader than that adopted by the Administrators. However, even assuming appellant's construction were reasonable, as between two competing interpretations of the Plan, we are bound by that of the Administrators if it is not arbitrary and capricious. Miniard v. Lewis, 128 U.S.App.D.C. 299, 387 F.2d 864 (1967), cert. denied, 393 U.S. 873, 89 S.Ct. 166, 21 L.Ed. 144 (1968); *see also* Roark v. Lewis, 130 U.S.App.D.C. 360, 364, 401 F.2d 425, 429 (1968).

■ The appellees point out that their interpretation comports more closely with the scheme of § 6 as a whole. The Pension Plan of the IAM distinguishs between three classes of employees: (1) elective and appointive officers and representatives; (2) professional and technical employees; and (3) office and clerical employees. While the requirements for vesting are now different for each class, prior to January 1, 1969, the professional and technical employees had no vesting rights as is still the case with the office and clerical employees. Members of the latter class are not entitled to vested rights in the plan but are eligible for pensions as long as they maintain an "employment relationship" with IAM at retirement age. Under § 6 an "employment relationship" is explicitly defined to include leaves of absence. As to professional and technical employees, the term used to determine their eligibility under the Plan for vested rights is simply "employed." Thus with regard to these professional and technical employees the broader term "employment relationship," with its accompanying definition including

leaves of absence, is not used. Appellees contend that the framers of the Pension Plan intended to apply a narrower construction to vestiture than to pension rights and rely upon the familiar maxim of interpretation that *expressio unius est exclusio alterius*. We agree and under these circumstances we cannot say that the interpretation by the Administrators, which concludes that appellant was not "employed" by the union on the same day that he was working for the U.S. Department of Labor, is arbitrary and capricious. This conclusion conforms to the fine analysis of the facts and the issues by the District Court and its judgment therefore must be and is

Affirmed.