**John E. CUFF, Plaintiff,**

v.

**Thomas W. GLEASON et al.,
Defendants.**

**No. 74 C 665.**

United States District Court,
E. D. New York.

Oct. 16, 1974.

Meltzer & Fishman, New York City, for plaintiff.

Thomas W. Gleason, New York City, for defendant, International Longshoremen's Association, AFL–CIO.

Lorenz, Finn, Giardino & Lambos, New York City, for defendant, New York Shipping Ass'n.

BRUCHHAUSEN, District Judge.

This is an action wherein the plaintiff seeks disability benefits from the New York Shipping Association-International Longshoremen's Association. Pension Trust Fund and Pension Plan.

Both sides move for an order, granting summary judgment in their respective favors.

The facts disclose the plaintiff was employed in the longshore industry commencing in 1937 through 1955 inclusive. Thereafter from 1956 through 1963 he was not so engaged. He returned to the industry in 1964 and remained there until May 23, 1972 at which time he submitted an application for a disability pension. It is conceded that the plaintiff was totally disabled and qualified for disability benefits if he satisfied certain condition precedents of the pension plan. The Board of Trustees of the pension plan convened on March 28, 1973, and after due deliberation denied the application for disability pension benefits upon the ground that certain conditions of the plan had not been satisfied by the plaintiff. Exhibit C.

This plan was created pursuant to the Taft Hartley Law, 29 U.S.C. § 185, more particularly 29 U.S.C. § 186.

The plaintiff contends that the determination by the Board of Trustees was improper, illegal, arbitrary or capricious, and reviewable by the district court.

The defendant contends that the plaintiff did not satisfy the longevity requirement immediately prior to his application, and that the decision of the Board of Trustees is conclusive, final, binding and not reviewable by a court, if found reasonable and based on substantial evidence.

The plaintiff applied for benefits pursuant to Article III, Section 7 which states:

"Any employee who is forty (40) years or older on or after January 1, 1950, who has been employed in the industry for a continuous period of not less than fifteen (15) years, and who during such continuous period has been employed in the industry for a period of fifteen (15) consecutive years for an average of not less than 700 hours per year, and becomes permanently and totally disabled on or after January 1, 1952, being employed in the industry at the time he sustains such disability, shall be entitled to a pension."

The defendant argues that when the plaintiff left his employ in 1956 through 1963 it destroyed and nullified his credited service toward a disability pension which he had earned during his continuous service in the industry from 1937 through 1955, approximately eighteen (18) years. Upon his return to the industry in 1964 to May, 1972 he only received credit for approximately seven (7) years service at the time of his application for disability benefits. It is contended by the defendant that an employee must have been employed in the industry for a continuous period of not less than fifteen (15) years immediately prior to his application for such pension. The break in the employment of this plaintiff completely eliminated his prior credit and that he was obliged to commence anew this fifteen (15) year service.

The plaintiff contends that no such interpretation can be read into the provisions of Article III, Section 7. The wording is clear and there is no condition requiring fifteen (15) years of continuous service immediately prior to filing an application for disability benefits.

■ It is well settled that a district court has the authority to review interpretations by Administrators of union pension funds to determine whether the decisions were arbitrary and capricious. Lowenstern v. International Association of Machinists and Aerospace Workers, AFL–CIO et al., 156 U.S.App.D.C 228, 479 F.2d 1211 (1973).

In Lowenstern, supra, the Court held in part at page 1213:

"However, even assuming appellant's construction were reasonable, as between two competing interpretations of the Plan, we are bound by that of the Administrators if it is not arbitrary and capricious. Miniard v. Lewis, 128 U.S.App.D.C. 299, 387 F.2d 864 (1967), cert. denied, 393 U.S. 873, 89 S.Ct. 166, 21 L.Ed.2d 144 (1968); see also Roark v. Lewis, 130 U.S.App. D.C. 360, 364, 401 F.2d 425, 429 (1968)."

In Moglia v. Geoghegan, 267 F.Supp. 641, at page 645 affirmed 403 F.2d 110 (2 Cir.), cert. denied, 394 U.S. 919, 89 S.Ct. 1193, 22 L.Ed.2d 453, the district court held in part:

"This brings us to the statute and to the extent of the jurisdiction of this Court in the matter. We hold our jurisdiction to be limited to inquiry as to whether there has been a violation of the statute either in its letter or its spirit, and that there does not rest in the Court a general power to dictate, rephrase or interfere with the provisions of an agreement freely entered into between the Union and the Employers for the benefit of the employees, regulating coverage and eligibility, and imposing conditions on both."

The Court, therefore, must inquire as to whether or not the Union reasonably interpreted Article III, Section 7 of the pension plan providing disability benefits to the plaintiff herein. The Court has carefully considered this section and concludes that the position of the plaintiff be sustained and that of the defendant overruled.

The section is perfectly clear and written in precise language. There is no condition written or one that may be implied in Section 7 requiring fifteen (15) years of continuous service, immediately prior to his application for such pension. If the Court were to sustain the position of the defendant, it would in effect rewrite Section 7 by inserting a word or phrase that is simply not contained in Section 7. Therefore, the Court rules that this plaintiff once having been employed continuously for fifteen (15) years earned a vested right in the pension plan. To hold otherwise would fly into the face of the Labor Management Relations Act, 1947, § 302(c)(5), 29 U.S.C.A. § 186(c)(5). See Lavella v. Boyle, 144 U.S.App.D.C. 35, 444 F.2d 910, cert. denied, 404 U.S. 850, 92 S.Ct. 84, 30 L.Ed.2d 89.

The Board of Trustees reading into Section 7 an additional requirement act-ed arbitrarily, capriciously and unreasonably. Its determination was not fair and reasonable and not supported by substantial evidence. It clearly did not comply with the spirit of the statute.

The motion of the plaintiff is in all respects granted and that of the defendant is in all respects denied.

Settle order on three (3) days' notice.

Copies hereof are being forwarded to the respective attorneys.