**John E. CUFF, Plaintiff-Appellee,**

v.

**Thomas W. GLEASON et al., Defendants-Appellants.**

**No. 677, Docket 74-2504.**

United States Court of Appeals, Second Circuit.

Argued Feb. 24, 1975.

Decided April 15, 1975.

Constantine P. Lambos, New York City (Thomas W. Gleason, Richard P. Lerner, Richard H. Kapp, New York City, of counsel), for defendants-appellants.

Stanley F. Meltzer, New York City (Harold Fishman, New York City, of counsel), for plaintiff-appellee.

Before MANSFIELD, OAKES and TIMBERS, Circuit Judges.

PER CURIAM:

The merits of this appeal involve the construction of a labor management trust, specifically the New York Shipping Association (NYSA)—International Longshoremen's Association (ILA) Pension Plan and Pension Trust Fund. The appellee, who became disabled in March of 1972, was determined ineligible for a disability pension by the appellants who were the joint NYSA and ILA trustees of a trust created under Section 302(c)(5)

of the Labor Management Relations Act (LMRA), 29 U.S.C. § 186. The United States District Court for the Eastern District of New York, Walter Bruchhausen, *Judge*, held that the appellants-trustees had read into Article III, Section 7, of the pension plan an arbitrary, capricious and unreasonable requirement for eligibility, that in addition to having been employed not less than fifteen years the employment had to be *immediately prior* to the disability. The appellee was held entitled by the court below to his disability benefits.

■■ Unfortunately this court is unable to reach the merits as we fail to perceive any federal subject matter jurisdiction. While lack of jurisdiction was not raised by the parties or court below, this court can and must always determine for itself its jurisdiction. *E. g.,* Hackner v. Guaranty Trust Co., 117 F.2d 95 (2d Cir.), cert. denied, 313 U.S. 559, 61 S.Ct. 835, 85 L.Ed. 1520 (1941); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1393.

Here the issue is whether the application of rules of a jointly-administered pension trust to an individual claim was arbitrary and capricious. In Beam v. International Organization of Masters, Mates and Pilots, 511 F.2d 975 (2d Cir. 1975), the same issue was presented but the court reached the merits and applied New York law because there was diversity of citizenship. Here, from reading the complaint it appears that there is no diversity jurisdiction. *Beam* ruled tentatively in dictum that § 302(c)(5) of the LMRA would not confer federal jurisdiction where an application of a trust pension plan rather than a collective bargaining agreement, Smith v. Evening News Association, 371 U.S. 195, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962), was involved and the specific requirements of § 302(c)(5) are met,[1] Moglia v. Geoghegan, 403 F.2d 110 (2d Cir. 1968), cert. denied, 394 U.S. 919, 89 S.Ct. 1193, 22 L.Ed.2d 453 (1969). 511 F.2d at 978–979. While we would not necessarily be bound by dictum, we have determined that *Beam* correctly read the legislative history, *see* 1959 U.S.Cong. & Ad.News, pp. 2326–30, and is an accurate statement of the jurisdictional scope of § 302(c)(5).

1. Section 302 makes illegal certain payments by employers. Section 302(c) lists certain exceptions, among which is § 302(c)(5) as follows:

(5) with respect to money or other thing of value paid to a trust fund established by such representative, for the sole and exclusive benefit of the employees of such employer, and their families and dependents (or of such employees, families, and dependents jointly with the employees of other employers making similar payments, and their families and dependents): *Provided*, That (A) such payments are held in trust for the purpose of paying, either from principal or income or both, for the benefit of employees, their families and dependents, for medical or hospital care, pensions on retirement or death of employees, compensation for injuries or illness resulting from occupational activity or insurance to provide any of the foregoing, or unemployment benefits or life insurance, disability and sickness insurance, or accident insurance; (B) the detailed basis on which such payments are to be made is specified in a written agreement with the employer, and employees and employers are equally represented in the administration of such fund, together with such neutral persons as the representatives of the employers and the representatives of employees may agree upon and in the event the employer and employee groups deadlock on the administration of such fund and there are no neutral persons empowered to break such deadlock, such agreement provides that the two groups shall agree on an impartial umpire to decide such dispute, or in event of their failure to agree within a reasonable length of time, an impartial umpire to decide such disputes shall, on petition of either group, be appointed by the district court of the United States for the district where the trust fund has its principal office, and shall also contain provisions for an annual audit of the trust fund, a statement of the results of which shall be available for inspection by interested persons at the principal office of the trust fund and at such other places as may be designated in such written agreement; and (C) such payments as are intended to be used for the purpose of providing pensions or annuities for employees are made to a separate trust which provides that the funds held therein cannot be used for any purpose other than paying such pensions or annuities  . .  ..

Nor does other legislation effective at the time of appellee's disability and application for disability benefits confer jurisdiction on this court. Section 501 of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. § 501, which imposes fiduciary responsibility on officers of labor organizations in the handling of union money, is silent as to federally created duties for trustees of a pension trust fund jointly administered by labor and management. *Cf.* Haley v. Palatnik, 509 F.2d 1038 (2d Cir. 1975). In addition § 9(h) of the Welfare and Pension Plans Disclosure Act, 29 U.S.C. § 308(h), provides

> Nothing contained in this chapter shall be so construed or 'applied as to authorize the Secretary to regulate, or interfere in the management of, any employee welfare or pension benefit plan, except that the Secretary may inquire into the existence and amount of investments, actuarial assumptions, or accounting practices only when it has been determined that investigation is required in accordance with section 308(d) of this title.

Determination of jurisdiction in this case is not controlled by Lowenstern v. International Association of Machinists and Aerospace Workers, AFL–CIO, 156 U.S.App.D.C. 228, 479 F.2d 1211 (1973), or Miniard v. Lewis, 128 U.S.App.D.C. 299, 387 F.2d 864 (1967), cert. denied, 393 U.S. 873, 89 S.Ct. 166, 21 L.Ed.2d 144 (1968). These cases, which are cited by appellant but which do not discuss the underlying jurisdictional problem, are inapposite since the federal courts are the only courts in the District of Columbia.

Congress has eliminated this gap in federal jurisdiction by enacting the Pension Reform Act of 1974, 29 U.S.C. §§ 1001 et seq., effective January 1, 1975. 29 U.S.C. § 1114. This Act requires fiduciary conduct of trustees, 29 U.S.C. §§ 1101–14, and expressly provides that a beneficiary may seek civil enforcement of his or her benefits, 29 U.S.C. § 1132(a)(1)(B), in federal district court. 29 U.S.C. § 1132(f).

The judgment is vacated and case dismissed without prejudice to appellee to bring suit in state court.