599 F.Supp. 347 (1984)
Raymond BRUDER, et al., Plaintiffs,
v.
PENSION PLAN FOR EMPLOYEES OF HOLSCHER-WERNIG, INC., Defendant.
No. 84-1569C(1).
United States District Court, E.D. Missouri, E.D.
December 21, 1984.
*348 James E. Heckel, St. Louis, Mo., for plaintiffs.
Richard J. Pautler, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
Plaintiffs, Raymond Bruder and his wife Louise, brought this action under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., to challenge the interpretation of a pension plan.
The case was submitted to the Court upon stipulations of the parties. The Court having considered the pleadings, the documents in evidence and the stipulations of the parties, and being fully advised in the premises, hereby makes the following findings of facts and conclusions of law, as required by Rule 52 of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 52.

A. FINDINGS OF FACTS
1. Plaintiff Raymond Bruder is a former employee of Holscher-Wernig, Inc., and plaintiff Louise A. Bruder is his wife.
2. Defendant Pension Plan for Employees of Holscher-Wernig, Inc., is an employee benefit plan established and maintained by Holscher-Wernig, Inc. (Holscher-Wernig), in the City of St. Louis, Missouri.
3. Mr. Bruder became an employee of Holscher-Wernig on January 1, 1965. He was continuously employed by Holscher-Wernig until February 1982, when he retired.
4. Throughout his employment with Holscher-Wernig, Bruder received a guaranteed monthly draw of $550. In addition, from 1965 through 1980, he was entitled to a check at the end of each year equaling the amount by which his commissions during that year exceeded his draw. When his commissions for a year did not exceed his annual draw, he did not receive a commissions check. Bruder did not receive his commissions for his first two years of employment with Holscher-Wernig.
5. In January, 1981, Holscher-Wernig changed its system of compensation. Instead of awarding Bruder a commissions check on an annual basis, commission entitlement was calculated on a monthly basis. From January 1981, through January 1982, there were four months in which Bruder did not receive commissions checks.
6. After his retirement, Bruder applied for pension benefits from defendant. As a result, he received a monthly Pension Plan Retirement Benefit of $68.80 from defendant. *349 Bruder contested the decision to exclude commissions from his pension benefit calculation. He brought his case to the Pension Plan Administrator, who denied his claim. Bruder appealed to the Pension Plan, but was likewise unsuccessful.
7. At the time of his retirement, Holscher-Wernig employees were included under a pension plan which became effective in August 1979.
8. Under the 1979 Plan, pension benefits were determined according to the "average monthly earnings" of the employees. Monthly earnings and average monthly earnings were defined in the Plan as follows:
MONTHLY EARNINGSas of any January 1, one twelfth of a Participant's annualized basic rate of compensation payable by the Employer, exclusive of overtime, bonuses, and other non-recurring compensation assuming full-time employment.
AVERAGE MONTHLY EARNINGS the sum of all the Participant's Monthly Earnings during the Participant's Service after the later of December 31, 1978 and his Effective Date of Participation divided by the number of Monthly Earnings taken into consideration.
9. Prior to the 1979 Plan, Holscher-Wernig employees were covered by a 1976 Pension Plan, and prior to that by a 1965 Pension Plan. Under the terms of both the 1965 and 1976 Plans, benefits were calculated from the employees' compensation. Compensation was defined as "the basic salary, or drawing account, received by a Participant from the Company: it does not include any overtime pay, bonus, commission, or other non-basic remuneration."
10. Only one Holscher-Wernig employee had retired from the Company before Bruder. This was Raymond Lehenbauer who retired in 1974. Mr. Lehenbauer's compensation was strictly from commissions. Holscher-Wernig never paid him a guaranteed monthly salary, but he did receive pension benefits upon his retirement. The Pension Plan Administrator assigned a base salary to Mr. Lehenbauer for the purpose of qualifying him for pension benefits.

B. CONCLUSIONS OF LAW
This Court has jurisdiction of this case pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e). Plaintiff claims that defendant is liable to him under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 et seq., for additional pension benefits. Plaintiff maintains that the Plan Administrator misinterpreted the Pension Plan by not including his commissions in the calculation of his pension benefits.
The sole issue for the Court is whether or not the Plan Administrator's interpretation of the 1979 Pension Plan should be upheld. Once this Court renders a decision, the parties have agreed to determine for themselves the actual figures which plaintiffs are entitled to receive.
The standard of this Court's review is whether the Plan Administrator's interpretation of the term "monthly earnings" is arbitrary and capricious. Govoni v. Bricklayers, Masons and Plasterers International Union of America, Local No. 5 Pension Fund, 732 F.2d 250, 252 (1st Cir. 1984); Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Benefit Plan, 698 F.2d 593, 601 (2d Cir.1983), cert. denied, ___ U.S. ___ 104 S.Ct. 105, 78 L.Ed.2d 108 (1983). It is not sufficient for plaintiffs to establish that their interpretation of the Plan is as reasonable as the Plan Administrator's. Miles v. New York State Teamsters Conference Pension and Retirement Fund Employee Benefit Plan, 698 F.2d at 601; Lowenstern v. International Association of Machinists and Aerospace Workers, 479 F.2d 1211, 1213 (D.C.Cir.1973).
This Court concludes that the Plan Administrator's interpretation of the 1979 Pension Plan is not arbitrary or capricious. The Plan provides that Bruder's "basic rate *350 of compensation" shall constitute his monthly earnings. Defendant's interpretation was not unreasonable because Bruder received commissions sporadically and in varying amounts. He received no commissions during his first two years of employment with Holscher-Wernig and during four months of his final year of employment. Commissions more closely resemble bonuses and overtime pay than a monthly salary because they are received sporadically and in varying amounts. Furthermore, neither commissions nor bonuses nor overtime pay are guaranteed in the same manner as monthly salaries.
Plaintiffs maintain that the Plan Administrator was not consistent in refusing to include commissions within the definition of monthly earnings because Mr. Lehenbauer's pension benefits were based solely on commissions. This Court disagrees. Only a portion of Lehenbauer's commissions were converted to monthly earnings for pension plan purposes. Furthermore, an exception was created for Mr. Lehenbauer solely to allow him to receive some pension benefits. Bruder qualified for pension benefits without the inclusion of commissions in his monthly earnings.
Finally, plaintiffs point out that commissions were specifically excluded from monthly earnings in the 1965 and 1976 Plans along with bonuses and overtime pay, whereas only bonuses and overtime pay were specifically excluded in the 1979 Plan. They maintain that this shows an intent to include commissions within the 1979 definition of monthly earnings. Although plaintiffs' argument is indeed rational, defendant's position that use of the term "basic rate of compensation" exhibits an intent to exclude commissions from monthly earnings, is likewise rational. Because this Court concludes that the interpretation of the Plan Administrator is not arbitrary or capricious, it is unnecessary to decide whether evidence regarding the intent of the drafters of the Plan is admissible.