**CONTRACTORS TRANSPORT CORPORATION, Petitioner,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Respondents,**

**George Transfer & Rigging Company, Inc., Intervenor.**

No. 75–1560.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 1, 1975.

Decided March 8, 1976.

Daniel B. Johnson, Washington, D. C. (James Anton, Harvey B. Cohen, Leonard, Cohen & Gettings, Washington, D. C., on brief), for petitioner.

Raymond Michael Ripple, Atty., I. C. C., Washington, D. C. (Fritz R. Kahn, Gen. Counsel, I. C. C.; Thomas E. Kauper, Asst. Atty. Gen., and John H. D. Wigger, Atty., U. S. Dept. of Justice, Washington, D. C., on brief), for respondents.

Richard C. McGinnis and Paul F. Sullivan, Washington, D. C., on brief, for intervenor.

Before BRYAN, Senior Circuit Judge, and WINTER and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Contractors Transport Corporation petitions for review of an Interstate Commerce Commission order[1] which denied Contractors' application for a certificate of convenience and necessity under 49 U.S.C. § 307 to transport iron and steel articles from Roanoke and Troutville, Virginia, to Delaware, Kentucky, Maryland, West Virginia, and the District of Columbia.[2] We conclude that the commission acted arbitrarily in denying a certificate to Contractors while granting the application of Russell Transfer, Inc., for similar authority.[3] Accordingly, we vacate the commission's order and remand the case for further proceedings. See 5 U.S.C. § 706(2)(A).

Referring to Contractors' and Russell's applications, the commission noted: "These proceedings involve the same origins, similar commodities, essentially the same destination States and, in one instance, the same shipper, therefor they have been consolidated and will be disposed in this report and order." The consolidated cases were considered under the commission's modified procedure, which provides for submission of evidence in the form of verified statements. Contractors presented evidence of its ability to handle specialized shipments of oversized loads, such as girders and fuel tanks, as well as cargo normally carried on flatbed trucks. Roanoke Iron and Bridge Works, Inc., a major shipper, corroborated Contractors and cited instances where, in its judgment, the existing carriers had not provided satisfactory service. George Transfer & Rigging Company, which held a certificate covering most of the areas for which Contractors sought authority, protested Contractors' application and disputed Roanoke Iron and Bridge Works' allegations of poor service. Russell, supported by Roanoke Iron and Bridge Works and other shippers, established that it, too, had the capability of furnishing transportation in accordance with its application. George filed no protest against Russell.

The commission concluded that the evidence established a need for transportation service in the areas covered by the applications and that each applicant had proved a prima facie case. It held, however, that George was adequately and efficiently meeting transportation needs from Roanoke and Troutville to points in Delaware, Kentucky, Maryland, West Virginia, and the District of Columbia. Accordingly, it denied Contractors' application to serve those states.[4] On the other hand, without refer-

---

1. Contractors Transport Corp. Extension—Iron and Steel Articles, No. MC–61445 (Sub-No. 4) (ICC April 5, 1974).

2. In the same proceeding, the commission granted Contractors' request to extend service into North Carolina, South Carolina, and Tennessee.

3. Russell Transfer, Inc., Extension—Iron and Steel Articles, No. MC–68860 (Sub-No. 16) (ICC April 5, 1974). Russell requested authority from Roanoke and Troutville, Virginia, to points in Maryland, New Jersey, North Carolina, Pennsylvania, South Carolina, West Virginia, and the District of Columbia. The commission granted Russell's request in its entirety.

4. The commission found that neither George nor the other protesting carriers possessed appropriate authority or capability to provide service into North Carolina, South Carolina, and Tennessee. Contractors' application to serve those states was granted.

ence to the adequacy of George's service, the commission granted Russell's application to carry articles of iron and steel from Roanoke and Troutville to a number of points, including Maryland, West Virginia, and the District of Columbia.[5]

■■■ The Motor Carrier Act leaves determinations of public convenience and necessity to the commission's discretion, and the scope of judicial review under the arbitrary and capricious standard is narrow. *Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 284–85, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). There must be, however, a rational basis for the agency's action. *See Burlington Truck Lines v. United States*, 371 U.S. 156, 167–68, 83 S.Ct. 239, 9 L.Ed.2d 207 (1962); *Columbia Broadcasting System v. FCC*, 147 U.S.App.D.C. 175, 454 F.2d 1018, 1027 (1971). Patently inconsistent application of agency standards to similar situations lacks rationality and is arbitrary. *See R–C Motor Lines, Inc. v. United States*, 350 F.Supp. 1169, 1172 (M.D.Fla.1972), *aff'd mem.* 411 U.S. 941, 93 S.Ct. 1925, 36 L.Ed.2d 406 (1973); *Mary Carter Paint Co. v. FTC*, 333 F.2d 654, 660 (5th Cir. 1964) (Brown, J., concurring), *rev'd on other grounds*, 382 U.S. 46, 86 S.Ct. 219, 15 L.Ed.2d 123 (1965). A reviewing court is powerless to supply an explanation for apparent inconsistencies in an agency's decision. *SEC v. Chenery Corp.*, 332 U.S. 194, 196, 63 S.Ct. 454, 87 L.Ed. 626 (1947). Thus, the grounds for an agency's disparate treatment of similarly situated applicants must be reasonably discernible from its report and order. *Cf. Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., supra; Brennan v. Gilles & Cotting, Inc.*, 504 F.2d 1255, 1264–65 (4th Cir. 1974).

■■ The commission's decision does not meet these requirements. Under substantially similar circumstances, Contractors and Russell received markedly different treatment. The commission stated no basis for its uneven disposition of the two applications, nor did it indicate why George's existing service was adequate to exclude Contractors, but not Russell, from serving destinations in Maryland, West Virginia, and the District of Columbia.

The commission's order denying Contractors' application must be vacated and the case remanded to the commission for reconsideration. If the commission does not alter its decision, it should explicitly state its reasons for the apparently inconsistent treatment of Contractors and Russell.

Contractors also charged that the commission made several procedural errors in consolidating its application with Russell's. We find no merit in these contentions.

VACATED AND REMANDED.

---

**5.** The commission also granted Russell's application to serve points in New Jersey, North Carolina, Pennsylvania, and South Carolina.