432 F.Supp. 697 (1977)
Everett BUENEMAN, Plaintiff,
v.
CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND, Defendant.
No. 76-912C(4).
United States District Court, E. D. Missouri, E. D.
June 17, 1977.
*698 Ray E. White, Jr., Clayton, Mo., for plaintiff.
Donald J. Weyerich, Clayton, Mo., Alan M. Levy, Milwaukee, Wis., for defendant.

MEMORANDUM
NANGLE, District Judge.
Plaintiff brought this action pursuant to 29 U.S.C. § 1132, seeking declaratory and injunctive relief. Plaintiff contends that he is entitled to receive pension payments from defendant Pension Fund.
This case was tried to the Court sitting without a jury and was presented by way of stipulation. After review of the stipulation, the depositions, and documentary evidence, the Court makes the following findings of fact and conclusions of law as required by Rule 52, Federal Rules of Civil Procedure:

FINDINGS OF FACT
1) Plaintiff Everett Bueneman was employed as a truck driver by Cahill Express, Inc. from 1945 to April, 1964. Cahill Express, Inc. was a party to a collective bargaining agreement with Local 600, an affiliate of the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, during said period and was a contributing employer to defendant Pension Fund between February 1, 1955 and April, 1964.
2) Since April, 1964, plaintiff has been employed as a truck driver by Jim's Express, Inc., which was first formed in 1964. Jim's Express, Inc. was a party to a collective bargaining agreement with the Teamsters Union and Local 600 between May, 1964 and the present time. This collective bargaining agreement required the employer to make contributions on behalf of its employees to defendant with respect to pensions. Until 1974, however, Jim's Express made no contributions on plaintiff's behalf.
3) In 1974, Local 600 petitioned defendant to admit Jim's Express, Inc. as a participating employer in the Pension Plan retroactive to 1964 and payments were tendered. On June 10, 1975, the petition was rejected and the monies tendered were returned.
4) In March, 1955, a trust agreement creating defendant Pension Fund was entered into by the Central Conference of Teamsters, Central States Drivers Council, *699 Southern Conference of Teamsters, Southern States Drivers Council and their affiliated local unions, and a group of Associations, one of which was the association of Team & Truck Owners of Saint Louis. Jim's Express has been, since its inception in 1964, a member of this Association.
5) The following provisions of the Trust Agreement are relevant herein:
The term "Employer" as used herein shall mean any association or individual employer who has duly executed a collective bargaining agreement with the union, or any employer not presently a party to such collective bargaining agreement who satisfies the requirements for participation as established by the Trustees and agrees to be bound by this Agreement. Art. I, sec. 1.
The Trustees are hereby authorized to formulate and promulgate any and all necessary rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Trust, provided the same are not inconsistent with the terms of the Agreement, and the Articles in the Central States, Southeast and Southwest Areas Agreements creating the Pension Fund. Art. IV, sec. 11.
The Trustees, by majority action, shall have the power to construe the provisions of this Agreement and the terms and regulations of the pension plan; and any construction adopted by the Trustees in good faith shall be binding upon the Union, Employees and Employers. Art. IV, sec. 20.
The Trustees are authorized to extend the coverage of this Agreement and Trust to such other Employers and Employees as such Trustees shall agree upon, provided such Employers and Employees are required to conform to the terms and conditions of the Trust and to make the same rate of payments required of the Employer herein. Art. XII.
6) The relevant portions of the Pension Plan provide as follows:

Employer, as used herein, shall mean any association or individual employer who has duly executed a collective bargaining agreement with the union, or any employer not a party to the collective bargaining agreement who satisfies the requirements for participation as established by the Trustees and agrees to be bound by the Trust Agreement. Sec. 5. Covered Employment on and after the Effective Date [the later of February 1, 1955 or the date an employer becomes a contributing employer] shall mean employment by an employer, as defined herein, who has satisfied the requirements for participation as established by the Trustees and who has agreed to be bound by the Trust Agreement. Sec. 11(B).
7) There is a participation agreement, signed by Josephine Dowling for Jim's Express and the President of Local No. 600 which is dated May 4, 1964. The agreement provides:
PLEASE NOTE: This Agreement is not binding upon the Fund until accepted by the Trustees and confirmation of the same is sent out over the signature of the Administrator. Also, the Trustees reserve the right to cancel this Participation Agreement and to terminate any obligation of the Trustees thereafter in the event the employer is persistently delinquent in making the required contributions.
This application for coverage was apparently first sent to defendant in 1974. No contributions were made by Jim's Express until 1974.
8) Defendant has refused to accept retroactive entry into the Pension Plan by employers other than Jim's Express.

CONCLUSIONS OF LAW
This Court has jurisdiction over the subject matter and the parties to this suit in accordance with 29 U.S.C. § 1132.
In order to prevail, plaintiff must establish that defendant abused its discretion in rejecting plaintiff's claim, or acted arbitrarily or capriciously. Brune v. Morse, 475 F.2d 858 (8th Cir. 1973); Gaydosh v. *700 Lewis, 133 U.S.App.D.C. 274, 410 F.2d 262 (1969); Miniard v. Lewis, 128 U.S.App.D.C. 299, 387 F.2d 864 (1967); Phillips v. United Welfare Association, Inc., 359 F.Supp. 1147 (E.D.Mo.1973).
The definition of employer is as follows:
. . . any association or individual employer who has duly executed a collective bargaining agreement with the union, or any employer not [presently] a party to such collective bargaining agreement who satisfies the requirements for participation as established by the Trustees and agrees to be bound. . . . [bracketed word is included in the definition in the Trust Agreement but excluded in the definition in the Pension Plan].
Plaintiff argues that since Jim's Express has a collective bargaining agreement with the union, it is an employer within the meaning of the plan and need not satisfy "the requirements for participation as established by the Trustees . . .". The construction urged by defendant is that only those employers who had collective bargaining agreements in 1955 are exempt from the provision that they satisfy "the requirements for participation as established by the Trustees . . .". This construction is not arbitrary or capricious, nor can it be held to be an abuse of discretion for the trustees to so construe the agreement.
The trustees have determined, in prior situations as well as the present one, that they will not allow retroactive participation. The trust consists of the contributions of employers, which contributions are invested so that there may be a sufficient fund for the employees' pensions. Were employers allowed to "buy in" to the plan and obtain retroactive benefits for their employees, defendant would be deprived of the earning potential of the contributions and the amount of the fund would be reduced. The denial of retroactive coverage is in keeping with the fund's interest and can not be held to be an abuse of discretion. Cf., Brune v. Morse, supra. Accordingly, even assuming that Jim's Express was an employer, the Court concludes that it was permissible for defendant to deny retroactive coverage.
Having found no evidence of abuse of discretion, or arbitrary or capricious action, judgment will be entered for defendant. Under these circumstances, it is the Court's conclusion that an award of attorney's fees to plaintiff's attorney would be inappropriate. 29 U.S.C. § 1132(g).