**Eugene D. BEGGS, Plaintiff,**

v.

**Julius MULLINS, Kenneth Houch, Paul R. Dean, Trustees, United Mine Workers of America Health and Retirement Funds, Defendants.**

**Civ. A. No. 78–1060.**

United States District Court, S. D. West Virginia, Bluefield Division.

Sept. 22, 1980.

Frederick K. Muth, Bluefield, W.Va., for plaintiff.

Joanne Erde, Associate Counsel, UMWA Health & Retirement Funds, Washington, D. C., James M. Haviland, Charleston, W.Va., for defendants.

## ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

KIDD, District Judge.

This action was filed on May 31, 1978, under the provisions of Title 29, U.S.C. § 1132. The plaintiff seeks an order compelling the defendants to pay pension benefits as required by the 1950 Pension Plan of the United Mine Workers of America (hereinafter "1950 Plan"). The defendants deny that the plaintiff is entitled to such benefits alleging that the plaintiff has failed to prove twenty (20) years of classified employment in the coal industry.

The matter is now before the Court on the defendants' motion for summary judgment as filed July 24, 1980. Written opposition to the defendants' motion was received by the Court on August 8, 1980.

The parties agree that the sole issue before the Court is whether the record indicates that there is substantial evidence to support denial of the plaintiff's pension application. The parties further agree that resolution of the issue is dependent upon Mr. Beggs' employment status during the period beginning in June, 1946 and ending February, 1953.

In order for a miner to be eligible for benefits under the 1950 Plan he must, among other things, establish twenty (20) years of credited employment.[1] "Credited Service" is defined in the 1950 Pension

---

1.
        *ARTICLE II–ELIGIBILITY*
    \*   \*   \*   \*   \*   \*
  B.  *Persons Retiring Before 1976*
  A participant who ceased or ceases to perform classified work for an Employer prior to December 31, 1975 (whether or not re-employed in a classified job for an Employer after December 31, 1975), and is not eligible for pension benefits under the 1974 Pension

Plan, shall be eligible for a pension under this Plan if he has:
(1) Attained the age of fifty-five (55) years, and
(2) Either completed twenty (20) years of credited service, including the required amount of signatory service as set forth in Article IV(C)(4) or completed at least three (3) years of signatory service after December 31, 1970. (Defendants' Exhibit "C" at 4.)

Plan.[2] The defendants admit only that the plaintiff has established nineteen and one–half (19½) years of service which can be credited toward qualification under the 1950 Plan.[3] The plaintiff says he has shown the requisite twenty (20) years service.

■ The Court will be guided by the well established principal that review will be limited to analyzing the record in this matter and determining whether the administrative denial was based upon substantial evidence and was neither arbitrary nor capricious. *Lowenstern v. International Association of Machinists and Aerospace Workers, AFL–CIO*, 479 F.2d 1211, 1213 (D.C. Cir. 1973) (Judge Winter of the Fourth Circuit Court of Appeals sitting by designation). *Gaydosh v. Lewis*, 410 F.2d 262 (D.C. Cir. 1969), *Gordon v. ILWV–PMA Benefit*

2. A. *DEFINITIONS*
\* \* \* \* \* \*
(6) "Credited Service" means signatory and nonsignatory service determined pursuant to Article IV.

3. *DEFENDANTS' "EXHIBIT C" AT 2*

4. The essence of that statement is as follows: The records available to this firm indicated employment of Mr. Eugene D. Beggs, SS # 232 12 3073, for the periods of time and work assignments related to a particular mine as follows:

| MINE | OCCUPATION | DATES |
|---|---|---|
| SAGAMORE | TRACKMAN | 6/12/48 to 2/28/53 |

\* \* \* \* \* \*
The employment history hereby furnished may or may not include employment by Consolidation Coal Company.
\* Mr. Beggs states he worked for us prior to the above dates. We cannot verify this time since we do not have these records available.
Personnel Manager
[of Pocahontas Fuel Company]
Defendants' "Exhibit A
supporting motion for summary judgment" at p. 191.

5. The Exhibits tendered by the defendants contain two other letters which support the plaintiff's position, and these two letters from the employer, bearing the dates indicated, read as follows:
[Name omitted]
UMWA Health & Retirement Fund
10 Broad Street
Welch, West Virginia 24801
November 23, 1976
Re: Eugene D. Beggs

*Funds*, 616 F.2d 433 (9th Cir. 1980). The Court must now determine whether the defendants' position, that Mr. Beggs was not entitled to credit for employment between the years 1948 and 1953, is supported by substantial evidence.

The plaintiff maintains that during the period in dispute, he was a "trackman" in the employ of the Pocahontas Fuel Company; this assertion is supported by pay stubs indicating an hourly wage as opposed to salary, and also a February 10, 1976 statement to that effect from the Coal Company.[4] The plaintiff admits that he occasionally (less than 10% of this employment) acted as a "day rated foreman" and was compensated as a non–classified employee. Further, the plaintiff bolsters his argument with other record documents.[5]

Dear [Name omitted]:
This letter is to verify the information given in our conversation on November 23, 1976, concerning our former employee, Eugene Beggs. Mr. Beggs was employed 6/12/48 in a union classified job and became eligible for salary benefits 10/1/52. He was a day rated foreman paid over the union payroll. He did not actually become salaried until 5/1/53. I hope this information will be useful to you.
Very truly yours,
[Name omitted]
[Consolidation Coal Company]
Personnel Clerk
Defendants' "Exhibit A
supporting motion for summary judgment" at p. 142.
April 19, 1977
TO WHOM IT MAY CONCERN:
Re: Eugene Beggs
SS # : 232 12 3073
This letter is to verify information concerning Mr. Beggs employment with Consolidation Coal Company. It was reported in our letter of November 23, 1976 to [name omitted] representative of the UMWA Health & Retirement Fund, that Mr. Beggs was eligible for salaried benefits 10/1/52. This date is when our salary plans went into effect, however, during this period Mr. Beggs was employed as a trackman and did not become salaried until 5/1/53.
Very truly yours
[Name omitted]
Manager Benefits & Compensation
[Consolidation Coal Company]
... at p. 128

On the other hand, the defendants say that denial of pension benefits was justified for several reasons. Again, the defendants contend that Mr. Beggs was a "Section Foreman" during the disputed period and thus was not entitled to credit toward his pension.

The defendants tender three (3) documents which indicate that the plaintiff applied for a union Health Card and on these applications he indicated that during the period between 1948 and 1954 he was a foreman for his employer.[6] Furthermore, and quite importantly say the defendants, on February 2, 1975, the plaintiff made application to the Pension Fund for benefits and on the application form he failed to indicate the type of work he performed during the period between 1948 and 1954.[7]

In addition, the defendants say that during the time in question no union dues were paid by the plaintiff, thus evidencing non–union status.[8]

Finally, the defendants explain that the letters (*supra*, footnotes 4 and 5) from the plaintiff's employer during the disputed term are not supported by other record evidence.[9]

Initially, the Court notes that the burden of proof in this matter is upon the plaintiff to show that the defendant Trustees acted in an arbitrary or capricious manner in denying pension benefits. *Bueneman v. Central States, Southeast and Southwest Areas Pension Fund*, 432 F.Supp. 697 (D.C.Mo.1977), aff'd, 572 F.2d 1208 (8th Cir. 1978). Again, the Court must now decide whether the decision by the Trustees of the United Mine Workers of America Health and Retirement Fund (hereafter "Trustees") is supported by substantial evidence or is arbitrary and capricious.

The Court cannot now say, based upon this record, that the action of Trustees is not supported by substantial evidence as a matter of law. However, the Court notes that there must be a rational basis for the

---

**6.** The documents are captioned "Application for Form 85-HS", each purportedly signed by the plaintiff and indicate that Mr. Beggs represented that he was a "Section Boss" for Poca Fuel between 1948 and 1954.

**7.** The pertinent part of that application is reproduced as follows:

EMPLOYMENT RECORD

Your eligibility for a pension is determined by the years you worked in a classified job in the mines. To be sure that you get credit for all the years you worked, we need a complete history of your employment in the coal industry. Begin with the first coal company you worked for and list all your employment in the coal industry. This employment record is very important; please prepare it carefully.

| From Mo. | Yr. | To Mo. | Yr. | Coal Co. | Location Town | State | Mine No. | Local Union No. | Type Work |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | * * * | | | | |
| 4 | 1948 | 3 | 1954 | Poca Fuel Co. | McComas | W. Va. | 11 | | |
| | | | | | * * * | | | | |

15. Were you ever connected with the management or operation of any of the coal companies where you have been employed or did you ever have any financial interest in any company?

Yes ___     No. _x_  _____

**8.** Pay statements contained in defendants' "Exhibit A" supporting motion for summary judgment" at 7–86.

**9.** The evidence relied upon to rebut the employers' letters consists primarily of an inter–office letter from a UMWA field office employee to the Washington Office which appears to be a summary resulting from a field office investiga-tion into the employment status of Mr. Beggs between 1948 and 1953. The report concludes that the denial of pension benefits was proper as a consequence of the investigation of the records of Consolidated Coal/Pocahontas Fuel. However, no records were submitted with the investigative report.

pension denial. *Contractors Transportation Corp. v. U. S.*, 537 F.2d 1160 (4th Cir. 1976) (concerning I.C.C. action on certificate application). In order to determine whether a rational basis exists for the Trustees' action, this Court must be able to conclude that the final determination of pension denial was drawn from the facts in the record. *United States Lines, Inc. v. FMC*, 584 F.2d 519 (D.C. Cir. 1978).

The record now before the Court seems rather complete, but glaringly absent from this record is an adequate explanation for why vital evidence was ignored by the Trustees. The plaintiff's employer insists that the plaintiff was a "trackman" during the disputed time period (*i.e.*, 1948 to 1953). The plaintiff maintains that he was a classified employee during this time and his subjective statements must be considered by the Trustees. There is other evidence which would support the plaintiff's position.

It appears that the Trustees ignored vital evidence in the plaintiff's file. Certainly, the evidence relied upon by the Trustees in denying pension benefits is substantial, but a decision based upon substantial evidence may still be arbitrary and capricious. *Bowman Transportation, Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974). This Court finds that complete disregard of very persuasive evidence tending to support pension entitlement is arbitrary and capricious notwithstanding substantial evidence supporting denial of benefits.

While courts do not normally require an explanatory statement containing the factual elements which were considered when informal administrative adjudication is involved, this case presents a substantial interest which is being denied under very marginal precepts.

The parties agree that the plaintiff has worked a total of 19½ years of the required total of 20 years, in classified coal mine employment. In addition, there is strong evidence which would support a finding that the plaintiff has worked *at least* six months more for which he should

be credited. This Court will not grant summary judgment for the defendants based upon such a record.

It is, therefore, ordered, that this case be, and hereby is, remanded for reconsideration by the defendants and such other further action consistent with this opinion. Remand of this matter necessarily means that the Court will withhold further judgment in this action.