**Frank M. CANDELL, Plaintiff,**

**v.**

**ITT CONTINENTAL BAKING CORP. and Equitable Life Assurance Society of the United States, Defendants.**

Civ. A. No. 85–2800–S.

United States District Court,
D. Massachusetts.

Feb. 22, 1988.

James N. Wittorff, Rosen, Noferi, Noferi & Wittorff, Milford, Mass., for plaintiff.

Charles F. Barrett, Joseph G. Blute, Nutter, McClennen & Fish, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

SKINNER, District Judge.

Plaintiff Frank M. Candell applied for benefits under the Long Term Disability Plan for Salaried Employees of defendant ITT Continental Baking Corporation, plaintiff's former employer. The Plan is administered by defendant Equitable Life Assurance Society of the United States. Equitable denied plaintiff's claim on the ground that its review of medical and other available evidence established that plain-

**862**

tiff's claimed injury fell within the "pre-existing condition" exclusion of the Plan.

Thereafter, plaintiff brought this action pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) for judicial review of the denial of his claim.[1] Defendants now move for summary judgment, principally on the ground that Equitable's denial of plaintiff's claim was rationally based on substantial evidence and was not arbitrary and capricious. For the reasons set forth in this opinion, defendants' motion for summary judgment is allowed.

*Background*

Viewing the record now before me in the light most favorable to plaintiff, and considering all inferences favorable to plaintiff, *Emery v. Merrimack Valley Wood Products*, 701 F.2d 985, 986 (1st Cir.1983), the following facts could reasonably be found. On July 3, 1979, plaintiff sustained an injury to his lower back in an industrial accident during the course of his employment at Continental Baking. Candell remained out of work until June 22, 1981, when he returned to Continental Baking as a salaried maintenance supervisor. During the period he remained out of work, Candell received statutory worker's compensation benefits. Upon returning to work, Candell filed became a covered employee under Continental Baking's Long Term Disability Plan for Salaried Employees. Candell remained at work until November 24, 1981, on which date he alleges he injured his back as he assisted two co-workers in lifting an air conditioner. Candell experienced disabling leg and lower back pain and was unable to return to work.

Plaintiff applied for worker's compensation benefits in January 1982. In the application, Candell indicated that the date of the injury was "July 3, 1979 re injury Nov. 24, 1981." Continental Baking's worker's compensation insurance carrier opposed the benefits, and an adversarial hearing was held in March 1982 before Commissioner Martin, a single member of the Massachu-

setts Industrial Accident Board. Plaintiff was represented by counsel at this hearing.

The IAB member heard sworn testimony from Candell and from a Continental Baking representative, and received deposition testimony of two physicians on behalf of plaintiff, Drs. Courville and DePalo, and of one physician on behalf of the insurer, Dr. Cores. Candell testified that he had a specific lifting incident on November 24, 1981 which resulted in his condition. This was the first instance that Candell referred to an incident on that date. Neither the hospital where Candell sought treatment in November, 1981 nor Dr. Courville, his treating orthopedic specialist, were given any history by Candell of a lifting accident. Moreover, on his application for benefits, Candell described the source of the injury as "walking climb stairs and descending following personel [sic] under my supervision to many diferent [sic] locations at the plant." No mention of a November 24, 1981 accident was made in this application.

In his deposition testimony, Dr. Courville attributed Candell's condition in part to the injury sustained by Candell in his July 3, 1979 accident. Likewise, Dr. DePalo, a general practitioner who treated Candell from July 3, 1979 through the present, testified in deposition that Candell's condition was attributable in part to his 1979 accident and in part to the alleged November, 1981 incident.

Commissioner Martin issued a written decision in July, 1982 in favor of Candell. In his decision, Martin made the following relevant findings of fact:

(1) There is no credible evidence of any new injury or aggravation of a pre-existing injury on or about November 24, 1981.

(2) Based on the opinion of Dr. Courville, and on a reasonable inference from the facts, ... the periods of disability [are] causally related to the injury of July 3, 1979.

Candell did not seek review of this decision.

Plaintiff submitted a second application for additional benefits in February, 1983 on

---

**1.** 29 U.S.C. § 1132(a)(1)(B) provides: "A civil action may be brought by a participant or beneficiary ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan."

the ground that his condition had deteriorated. Plaintiff listed the injury date on this second application as July 3, 1979. Continental Baking's insurer opposed this claim, and adversarial hearings were held before Commissioner Vergado, a single member of the IAB, on September 15, 1984, December 28, 1984, and March 15, 1985. Plaintiff was represented by counsel at each hearing. Evidence submitted at these hearings was similar to evidence submitted at the 1982 hearing. Drs. Courville and DePalo submitted new deposition testimony, and plaintiff submitted the deposition testimony of Dr. Matzilevich, a neurology specialist, as well. The opinions of Drs. Courville and DePalo did not change with respect to the causal connection between Candell's July 3, 1979 accident and his then-present injuries. Dr. Matzilevich opined that Candell suffered from a herniated disc at L4–L5 and that this condition was causally related to Candell's July 3, 1979 accident.

Commissioner Vergado issued a written decision in June, 1985 in favor of Candell, expressly finding that Candell's back injury and resultant disability were causally related to his July 3, 1979 accident. Vergado also incorporated by reference the factual findings of Commissioner Martin made in the course of Candell's first application for worker's compensation benefits.

While his second application for worker's compensation benefits was pending, Candell submitted a claim to Equitable for long term disability benefits under Continental Baking's Salaried Employees Plan. In his Statement of Claim, Candell stated that his disability was due to an accident on November 24, 1981. Equitable investigated Candell's claim to determine whether Candell's injury fell within the pre-existing condition exclusion of the Plan. The pre-existing condition clause provides:

Coverage for a pre-existing condition will not start until a Covered Employee has completed a 12–month period of continuous employment. A pre-existing condition is an accident or illness for which a Covered Employee has had medical treatment during the three months prior to

becoming a Plan member. Pregnancy is also considered a pre-existing condition.

In the course of its investigation, Equitable obtained a copy of Candell's worker's compensation file maintained by Continental Baking's insurer. This file included all bills and medical records submitted by Candell for reimbursement. These records revealed that Candell received treatment for his back injury from Dr. Clancy on April 16, May 14, and June 11, 1981 and from Dr. DePalo on March 26, May 21, and an undetermined date in April, 1981, all within three months prior to Candell's return to Continental Baking as a salaried employee.

Based on all available evidence, Equitable concluded that Candell's claim was barred by the pre-existing injury exclusion provision of the Plan, as his claimed disability of November, 1981 was determined by two separate IAB reviews to be causally related to his July 3, 1979 injury. Candell did not then and does not now deny that the medical treatments received during the three months prior to returning to Continental Baking were for his July 3, 1979 back injury.

Candell sought review of Equitable's determination. Candell did not deny that he had been treated for a pre-existing injury within three months prior to being covered by the Plan. Instead, Candell sought review on the ground that his present injuries were unrelated to the injuries for which he received treatment in 1981. In support, Candell submitted a letter dated November 4, 1985 from Dr. DePalo which stated that "this problem is in no way connected to the accident of July 3, 1979." Equitable reconsidered Candell's application and supplemented the review process by asking its medical director, Dr. Qualben, to review the existing file along with the new DePalo report. Dr. Qualben concluded that the condition for which Candell sought long term disability benefits was causally related to his 1979 injury. Based on Dr. Qualben's opinion and on all of the testimony offered by plaintiff and the findings made in the course of both IAB proceedings, Equitable concluded that its initial denial of plaintiff's application for benefits was proper. This action ensued.

## Discussion

In order to prevail on a motion for summary judgment, the moving parties must demonstrate that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, Fed.R.Civ.P. 56(c). Where the movants have met this burden, summary judgment should be granted, unless the nonmovant can present affirmative evidence in support of an essential element of his case on which he will bear the burden of proof at trial, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265, 273 (1986). *Cf. Hahn v. Sargent*, 523 F.2d 461, 464 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976) (nonmovant must establish the existence of an issue of fact by substantial evidence that is both genuine and material). A dispute about a material fact will be "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmovant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202, 212 (1986). In essence, the standard for summary judgment is the same as that for directed verdict. *Id.*, 477 U.S. at 249–50, 106 S.Ct. at 2511, 91 L.Ed.2d at 213.

In opposition to defendants' motion, plaintiff asserts that Dr. DePalo's November 4, 1985 letter creates an issue of material fact since it disputes Equitable's finding that plaintiff's present condition is causally related to his 1979 injury. Plaintiff misunderstands the nature of material facts at issue in this case. Whether plaintiff's condition is causally related to his 1979 injury is not material to an action brought pursuant to 29 U.S.C. § 1132(a)(1)(B).[2] Rather, the sole, material issue in this action is whether the decision of the Plan administrator was arbitrary and capricious or whether it was rationally based on substantial evidence. *Govoni v. Bricklayers, Masons and Plasterers International Union, Local No. 5 Pension Fund*, 732 F.2d 250, 252 (1st Cir.1984), *citing Palino v. Casey*, 664 F.2d 854, 858 (1st Cir.1981), *see also, Brown v. Retire-ment Committee of Briggs & Stratton*, 797 F.2d 521, 525–26 (7th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 1311, 94 L.Ed.2d 165 (1987) ("Decision to deny benefits under a plan covered by ERISA will be overturned when (1) arbitrary and capricious, (2) not supported by substantial evidence, or (3) erroneous on a question of law".) (citations omitted). The sole question before me, therefore, is whether Equitable's determination is substantially supported by the evidence.

Cases in which the plan administrator was held to have been arbitrary and capricious in denial of a claim are readily distinguishable. *See, e.g., Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir.1985), *cert. denied*, 474 U.S. 865, 106 S.Ct. 183, 88 L.Ed.2d 152 (1986) (Administrator's denial of severance benefits may be arbitrary and capricious where benefits policy was confidential, affirmatively withheld from eligible employees, where there was no claims procedure, and where plan was not reported to authorities, all in violation of virtually every applicable mandate of ERISA.); *Beggs v. Mullins*, 499 F.Supp. 916 (S.D.W.Vir. 1980) (Complete disregard of very persuasive evidence in support of pension entitlement amounts to arbitrary and capricious review.); *Carr v. Trustees of Hotel & Restaurant Emp.*, 585 F.Supp. 949 (E.D. Pa.1984) (Where administrator interprets benefits plan in direct contravention of language of the plan, this is strong indication of arbitrary and capricious denial of benefits.)

The pre-existing condition clause provides that Candell is not entitled to long term disability benefits if he received medical treatment for a pre-existing condition during the three months prior to becoming an eligible employee under the Plan. This three-month period covers March 21, 1981 through June 22, 1981. Plaintiff admitted in answers to interrogatories that he received numerous medical treatments during this period for the work-related back injury sustained on July 3, 1979. Plaintiff contends, however, that the disabling injury for which he seeks benefits occurred in

---

**2.** For this reason, issue preclusion is a non-issue in this action.

November, 1981 and was separate and distinct from his July, 1979 injury. The Equitable claims administrator considered the fact-finding reports of two separate IAB commissioners, in addition to medical records and reports submitted by Candell, and concluded that the evidence supported and reaffirmed the conclusions of the IAB commissioners, that Candell's present disability is causally related to his July 3, 1979 injury for which he received treatment during the three months prior to joining the Plan. Unlike *Blau,* Equitable had a well-established claims procedure, and in addition, Equitable entertained Candell's request to re-examine his case file after Equitable informed Candell of its denial of benefits. These facts are distinguishable from *Beggs,* as well. The only evidence submitted by Candell in support of his claim that his present disability is attributable exclusively to a November, 1981 accident is a letter written by Dr. DePalo in 1985. This letter contradicts Dr. DePalo's deposition testimony given under oath at two separate IAB hearings that Candell's present condition was at least in part causally related to his July, 1979 injury. Further, Dr. DePalo is Candell's personal physician, and he is not an orthopedic specialist. Equitable's administrator was entitled to discount ·Dr. DePalo's November, 1985 opinion in light of the fact that his opinion was contrary to the opinion of two specialists who testified by deposition at the two IAB hearings and contrary to his own testimony at these hearings. Equitable's decision was substantially supported by the evidence before it, and Candell has not shown that the decision was arbitrary and capricious.

### Conclusion

For the foregoing reasons, defendants ITT Continental Baking Corp. and Equitable Life Assurance Society's motion for summary judgment is ALLOWED.