**Joseph BAKER, Plaintiff,**

v.

**GREATER KANSAS CITY LABORERS WELFARE FUND, Defendant.**

**No. 85–0816–CV–W–9.**

United States District Court,
W.D. Missouri, W.D.

Nov. 1, 1988.

R. Gregory Gore, Hyatt Legal Services, Kansas City, Mo., for plaintiff.

Michael C. Arnold, Peggy A. McNeive, Albert J. Yonke, Yonke Shackelford & Arnold, Kansas City, Mo., for defendant.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND REQUIRING PLAINTIFF AND HIS ATTORNEY TO SHOW CAUSE WHY AN AWARD OF ATTORNEY'S FEES SHOULD NOT BE MADE AGAINST THEM

BARTLETT, District Judge.

In 1980 plaintiff Joseph Baker incurred medical expenses arising from two separate incidents: First, during February and March, he was hospitalized and received outpatient treatment; second, in July his son Albert was hospitalized. After each incident, plaintiff sought reimbursement for the expenses by submitting a claim for benefits to defendant Greater Kansas City Laborers Welfare Fund (Fund), an employee welfare fund within the meaning of the Employment Retirement Income Security Act of 1974 (ERISA). The Fund denied both claims.

Plaintiff sought review by the Welfare Fund Appeals Committee of the denial of his claim for expenses due to his hospitalization and medical treatment. The committee upheld the Fund's denial of this

claim. Plaintiff did not request review by the committee of the Fund's denial of his claim for expenses resulting from his son's hospitalization.

On June 22, 1985, plaintiff commenced this action in the Circuit Court of Jackson County, Missouri, pursuant to § 502 of ERISA, 29 U.S.C. § 1132. On July 12, 1985, defendant Fund filed a petition for removal to this court. After the case was set for trial, the parties agreed to submit the case by cross-motions for summary judgment. The case now pends on cross motions for summary judgment.

## I. Standard of Review

Under § 502 of ERISA a claimant for benefits under a private pension plan can obtain judicial review of the denial of a claim. 29 U.S.C. § 1132. "Federal courts may overturn a decision of private pension fund fiduciaries only if the decision is arbitrary, capricious or an abuse of discretion." *Lawrence v. Westerhaus,* 780 F.2d 1321, 1322 (8th Cir.1985). "If there is evidence supporting the decision, it is not arbitrary, capricious or an abuse of discretion." *Id.* at 1322–23.

## II. Facts

The Fund is an employee welfare benefit fund within the meaning of § 3 of ERISA, 29 U.S.C. § 1002. At all times material to this action Albert Baker was plaintiff's dependent within the meaning of Article II, Section 5 of the Rules and Regulations of the Fund ("The Plan").

Between February 21, and March 29, 1980, plaintiff incurred medical expenses as a result of his hospitalization and out-patient treatment. Between July 13, and July 25, 1980, plaintiff incurred medical expenses as a result of the hospitalization and treatment of his son.

The eligibility rules for benefits are set forth on page 12 of the Summary Plan Description and Article XX of the Plan. An employee's eligibility for benefits will terminate if the welfare fund's records do not reflect that the employee has the following hours of employment for which contributions were paid to the fund: 1) 200 hours of employment during the last three months; 2) 400 hours of employment dur-ing the last six months; 3) 600 hours of employment during the last nine months; and 4) 800 hours of employment during the last 12 months.

As of February 21, 1980, plaintiff had accumulated the following number of employment hours for the period January 1979, through December 1979: 1) zero hours of employment during the last three months; 2) 120 hours of employment during the last six months; 3) 568 hours of employment during the last nine months; and 4) 795.5 hours of employment during the last 12 months.

The eligibility rules contained in the Summary Plan Description under the title "Special Continuation" and Article XX, Section 4 of the Plan, provide that an employee who loses eligibility because of lack of employment may make contributions on his/her own behalf to maintain his/her eligibility for benefits. Plaintiff was notified by the welfare fund that he must remit a self-payment to the Fund in order to maintain his eligibility for benefits for February 1980. Plaintiff failed to submit a self-payment.

In February and March 1980, plaintiff submitted claims for his medical expenses incurred between February 21, 1980, and March 29, 1980. Plaintiff received a letter on or about March 25, 1980, from the welfare fund denying him benefits. The stated reason for denial was that plaintiff failed to mail a self-payment to the Fund's administrative office in order to maintain his eligibility for benefits. Plaintiff appealed the welfare fund's denial of his eligibility for benefits in a letter dated April 7, 1980. In letters dated April 14, 1980, May 19, 1980, and June 5, 1980, plaintiff was informed of his right to appear at the next Welfare Fund Appeals Committee meeting, including his right to have legal counsel present.

The Appeals Committee meeting was held on June 20, 1980, as scheduled, but plaintiff did not appear. The Appeals Committee reviewed plaintiff's claim and confirmed the denial decision. Plaintiff was informed of the Appeals Committee deci-

sion by letter dated June 23, 1980. The stated reasons for denying the claim were that plaintiff had insufficient hours to maintain his eligibility and plaintiff had failed to submit a self-payment for the month of February 1980.

On or about July 28, 1980, plaintiff submitted expenses incurred by him on behalf of his son to the fund. Plaintiff's claims for benefits were denied by the welfare fund. The stated reason for denial was that plaintiff had insufficient hours worked and/or reported by his employers to be eligible for benefits during July 1980. Plaintiff was informed of this denial by letter received on or about September 11, 1980. Plaintiff did not appeal.

### III. Discussion

Plaintiff contends that the Fund's denial of his separately submitted claims for benefits arising from medical expenses incurred on behalf of himself and his son was arbitrary and capricious.

1. *The trustees did not abuse their fiduciary responsibility in denying plaintiff's claim for payment of medical expenses resulting from his own hospitalization and treatment*

With regard to plaintiff's claim for benefits resulting from his own hospitalization and treatment, the trustees reasonably concluded that plaintiff failed to qualify for benefits in February 1980, because he was deficient 1) 200 hours during the last three months; 2) 280 hours during the last six months; 3) 32 hours during the last nine months; and 4) 4.5 hours during the last 12 months.

Plaintiff argues that he should not be totally denied benefits when he is only 4.5 hours short for the 12 month period. Whether the plan should have different provisions or whether a particular result is fair is not properly before me. The trustees were not acting arbitrarily when they adhered to the provisions of the Plan. *Mestas v. Huge*, 585 F.2d 450 (10th Cir.1978).

Plaintiff attempts to avoid the impact of failing to meet the Plan's eligibility requirements by asserting that he was disabled from February 25, 1980, through March 10, 1980. Plaintiff relies on the statement by Dr. Jane Thomas–Richards (Exhibit F). In addition, plaintiff's counsel asserts that plaintiff's disability "probably existed some substantial time prior to Mr. Baker's visit with the doctor on February 21, 1980." Plaintiff's Motion for Summary Judgment.

Based on these factual assertions, plaintiff argues that the trustees should have credited him with the hours he would have accumulated had he not been disabled. Had he been credited with additional hours under Article XX, Section 6 of the Plan, plaintiff claims he would have had enough hours to qualify for benefits.

However, plaintiff is foreclosed from raising this claim because he failed to raise it with the trustees and has therefore failed to exhaust his administrative remedies. A claimant for benefits under ERISA must first exhaust the Plan's internal claim procedures before seeking federal review. *Kross v. Western Electric Co.*, 701 F.2d 1238, 1243–45 (7th Cir.1983); *Amato v. Bernard*, 618 F.2d 559, 566–68 (9th Cir. 1980); *Mahan v. Reynolds Metals Co.*, 569 F.Supp. 482, 485 (E.D.Ark.1983), aff'd, 739 F.2d 388 (8th Cir.1984).

Even if plaintiff had exhausted his administrative remedies, plaintiff would still be denied benefits under the Plan because he did not qualify for credits under the Plan's disability provisions.

Article XX, Section 6 of the Plan states in pertinent part: "Section 6. An *eligible* Employee who is unable to work because of a *certified disability* will receive credit for 40 disability hours for each full week of disability to be applied toward maintaining his eligibility...." (Emphasis added.) Plaintiff was not an "eligible employee" in February 1980, because he had not accumulated enough hours for eligibility and had failed to submit a self-payment. Therefore, at the time plaintiff incurred his medical expenses, he was not eligible for disability credit hours.

Further, plaintiff asserts that the provisions of the Plan are inequitable and, therefore, arbitrary and capricious. Suggestions in Opposition to Defendant's Motion for Summary Judgment. Specifically, plaintiff argues that since the trustees

went "only by the literal terms of the Fund Rules and Regulations" and were not forced to consider the disability credit hour claim, the rules are unfair and the Plan is invalid.

If plaintiff is claiming that the Plan is unlawful, he points to no provision of ERISA or any other statutory or Constitutional provision that the Plan violates. Furthermore, it is not unfair or arbitrary and capricious for the trustees not to consider a claim never presented to them.

Because there was undisputed evidence supporting the trustee's denial of benefits and because plaintiff has not demonstrated that the Plan was unlawful, the trustee's decision was not arbitrary, capricious or an abuse of discretion.

2. *The trustees did not abuse their fiduciary responsibilities in denying plaintiff's claim for payment of the medical expenses of plaintiff's son*

On or about September 11, 1980, plaintiff received notice from the Fund denying his claim for benefits as a result of his dependent son's medical expenses. The stated reason for the Fund's denial was that plaintiff had insufficient hours worked and/or reported by his employers to be eligible for benefits under the Plan during July 1980, when the expenses were incurred.

[2] Defendant contends that plaintiff's claim for these benefits should be dismissed because plaintiff failed to exhaust administrative remedies by not appealing the Fund's denial of his claim. Plaintiff states that he did not appeal the Fund's denial of his claim because the Appeals Committee had previously affirmed the Fund's denial of his first claim for benefits. Therefore, plaintiff argues, appealing the Fund's denial of this claim would have been futile.

A claimant for benefits under ERISA must first exhaust the Plan's internal claim procedures before seeking federal court review. *Kross,* 701 F.2d at 243–45, *Amato,* 618 F.2d at 566–68, *Mahan,* 569 F.Supp. at 485. Because plaintiff did not exhaust his remedies regarding this claim, this claim is not properly presented before this court.

Plaintiff's futility argument does not alter this conclusion. Admittedly, it was probably futile to ask the trustees to review their eligibility decision again. However, plaintiff had never presented to the trustees his disability argument. Therefore, had plaintiff appealed the denial of the claim for his son's expenses, he would have been presenting a new ground for review.

Even if this claim were properly before me, it would be denied. Plaintiff cannot collect any benefits for medical expenses paid by plaintiff for his son unless plaintiff was eligible for benefits under the Plan. Article IX, Section 1; Article X, Section 1. Plaintiff's eligibility under the Plan was no different in July 1980, than it had been when plaintiff claimed benefits for his own expenses. Therefore, the trustees' decision not to pay benefits on plaintiff's claim for his son's expenses was not arbitrary, capricious or an abuse of discretion.

## IV. Defendants Claim for an Award of Attorney's Fees

Defendant seeks attorney's fees pursuant to 29 U.S.C. § 1132(g)(1). Section 1132(g)(2) provides: "(1) In any action under this subchapter (other than an action described in paragraph (2)) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and costs of action to either party."

In exercising my discretion pursuant to this section, consideration should be given to the following factors:

(1) the degree of the opposing party's culpability or bad faith;

(2) the ability of the opposing party to satisfy an award of attorney's fees;

(3) whether an award of attorney's fees against the opposing party could deter other persons acting under similar circumstances;

(4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself and

(5) the relative merits of the parties' positions.

*Lawrence v. Westerhaus,* 749 F.2d 494, 495–96 (8th Cir.1984).

■ Applying these factors to this case, I am convinced that plaintiff should be assessed an attorney's fee. Plaintiff did not properly raise in this case any challenge to the trustees' eligibility decision. Rather, plaintiff attempted to raise here for the first time arguments that were either irrelevant (*e.g.*, whether the Plan provisions were fair) or had never been presented to the trustees. The trustees should not be required to defend against such frivolous claims. However, no information has been properly presented, *e.g.*, by affidavit about the ability of plaintiff or his counsel to pay an attorney's fee award. Accordingly, plaintiff and his counsel will be given an opportunity to show cause why an award of attorney's fees should not be made against them.

### Order

For the reasons stated, it is hereby ORDERED that:

1) plaintiff's motion for summary judgment is denied;

2) defendant's motion for summary judgment is granted; and

3) plaintiff and his attorney shall show cause within 30 days from the date of this order why an award of attorney's fees should not be made against them under 29 U.S.C. § 1132(g)(1).