Joseph BAKER, Plaintiff,

v.

GREATER KANSAS CITY LABORERS
WELFARE FUND, Defendant.

No. 85–0816–CV–W–9.

United States District Court,
W.D. Missouri, W.D.

June 28, 1989.

R. Gregory Gore, Hyatt Legal Services,
Kansas City, Mo., for plaintiff.

Michael C. Arnold, Peggy A. McNeive,
Albert J. Yonke, Yonke, Arnold & New-
bold, Kansas City, Mo., for defendant.

## ON DEFENDANT'S CLAIM FOR AN AWARD OF ATTORNEY'S FEES

BARTLETT, District Judge.

On June 15, 1987, defendant filed a motion for summary judgment requesting an award of attorney's fees pursuant to 29 U.S.C. § 1132(g). Section 1132(g)(1) provides: "In any action under this subchapter, other than an action described in paragraph (2) by a participant, beneficiary, or fiduciary, the court in its discretion may allow a reasonable attorney's fee and cost of action to either party." Defendant claims that "attorney's fees are appropriate in this matter due to the total lack of merit in plaintiff's claim." Defendant's motion at 15.

On November 1, 1988, an order was entered denying plaintiff's motion for summary judgment, granting defendant's motion for summary judgment and requiring plaintiff and his attorney to show cause why an award of attorney's fees should not be made against them, 699 F.Supp. 210. In the November 1, 1988, order, I addressed defendant's claim for an award of attorney's fees at pp. 7–8 and set forth the standard for awarding attorney's fees pursuant to 29 U.S.C. § 1132(g) which requires consideration be given to the following factors: (1) the degree of the opposing party's culpability or bad faith; (2) the ability of the opposing party to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing party could deter other persons acting under similar circumstances; (4) whether the party requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the party's position. *Lawrence v. Westerhaus,* 749

**1230**

F.2d 494, 495–96 (8th Cir.1984), quoted from *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980).

Applying those factors to this case, I concluded the following:

I am convinced that plaintiff should be assessed an attorney's fee. Plaintiff did not properly raise in this case any challenge to the trustees' eligibility decision. Rather, plaintiff attempted to raise here for the first time arguments that were either irrelevant (*e.g.*, whether the Plan provisions were fair) or had never been presented to the trustees. The trustees should not be required to defend against such frivolous claims. However, no information has been properly presented, *e.g.*, by affidavit about the ability of plaintiff or his counsel to pay an attorney's fee award. Accordingly, plaintiff and his counsel will be given an opportunity to show cause why an award of attorney's fees should not be made against them.

On December 1, 1988, plaintiff filed a response to the show cause order. On January 6, 1989, defendant filed a memorandum in opposition to plaintiff's response. For the reasons stated in defendant's memorandum and for the reasons previously stated in the November 1, 1988, order and because plaintiff's December 1, 1988, response did not persuade me that an attorney's fee should not be awarded against plaintiff and his attorney, an attorney's fee will be awarded to defendant to be paid by plaintiff and his attorney pursuant to 29 U.S.C. § 1132(g).

Having determined that an attorney's fee should be awarded against plaintiff and his attorney, the issues now to be decided are: 1) the proper amount of the attorney's fee to be awarded; and 2) the apportionment of the attorney's fee award between plaintiff and his attorney.

■ I do not expect a lay person to appreciate the difference between a federal statutory violation and plaintiff's perception of unfair treatment. However, the difference should have been readily discerned by counsel and communicated to plaintiff. Affording plaintiff the benefit of all doubt, I will accept plaintiff's claim that 1) he reasonably believed that he had been wronged; 2) he reasonably believed that the wrong amounted to a violation of federal law; and 3) that discovery was needed of defendant's records in order to assess the merits of his claim. Nevertheless, by pursuing this litigation beyond the discovery stage, plaintiff continued to litigate a claim after it was clearly apparent that it was without merit. I believe that an award of attorney's fees is necessary to deter others from filing frivolous lawsuits against fiduciaries. Therefore, defendant will be awarded an attorney's fee based on the amount of time reasonably expended in post-discovery trial preparation, including the drafting and filing of defendant's motion for summary judgment.

*Amount of Attorney's Fees Awarded*

In *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Supreme Court provided the standard for determining the amount of a reasonable attorney's fee in all cases where Congress has authorized an award of fees to a "prevailing party." *Id.*, 103 S.Ct. at 1939 n. 7.

The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

. . . . .

The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "result obtained."

*Id.*, 103 S.Ct. at 1939–40.

The additional factors identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974) may also be

considered although "many of these factors usually are subsumed within the initial computation of hours reasonably expended at a reasonable hourly rate." *Hensley,* 103 S.Ct. at 1940 n. 9.

Pursuant to the scheduling order entered on November 8, 1985, discovery closed in this case on February 3, 1986. From the detailed time records contained in the affidavit of defendant's counsel filed on April 6, 1989, defendant's counsel reasonably spent 53.3 hours after February 3, 1986, in post-discovery preparation of this case. The hourly rates charged by defendant's counsel were reasonable in light of their experience and the quality of their work. Plaintiff does not dispute the reasonableness of the hours spent or the rate charged.

The product of the reasonable hours spent in post-discovery preparation times the reasonable hourly rates is $3,204.50.[1]

After considering the *Johnson* factors, I do not believe any enhancement of the $3,204.50 is necessary.

*Allocation of Attorney's Fee Award Between Plaintiff and Plaintiff's Counsel*

██ Plaintiff either chose to pursue this case after having been advised by counsel that it was groundless or his attorney failed to advise him that it was groundless. In the first instance, plaintiff's responsibility is clear. In the second, plaintiff will be held responsible for his attorney's actions because plaintiff hired the attorney.

Counsel's responsibility is clear. He had the responsibility to assess the facts in light of the law. Counsel presumably has been trained to make this legal analysis and to reach an emotional, rational conclusion about the merits of plaintiff's claims. After doing so, if there were no reasonable basis for believing that plaintiff was unlawfully denied employee welfare benefits, counsel should have used his best efforts to convince plaintiff to conclude the case. If his efforts were unsuccessful, counsel should have considered whether to continue as plaintiff's counsel. *See generally Davidson v. Allis–Chalmers Corp.,* 567 F.Supp. 1532 (W.D.Mo.1983).

Because counsel, by training and experience, was in the best position to understand the problems presented by a frivolous case and to advise plaintiff to not pursue the case or to withdraw, only one-fourth of the attorney's fees reasonably incurred by defendant in post-discovery processing of this case, $801, will be assessed against plaintiff individually. Plaintiff has filed an affidavit establishing that his financial resources are limited. Plaintiff's inability to pay is a proper limiting factor on the amount of attorney's fees assessed. *Faraci v. Hickey–Freeman Co.,* 607 F.2d 1025 (2d Cir.1979). In light of plaintiff's financial condition, the assessment against plaintiff individually will be reduced to $100 which should accomplish the deterrent purposes of such an award without subjecting plaintiff to financial ruin. *Id.* at 1029.

Three-fourths of the attorney's fees reasonably incurred by defendant in post-discovery processing of this case, $2,403.50, will be assessed against plaintiff's counsel, Hyatt Legal Services. (All pleadings were signed "Hyatt Legal Services" by R. Gregory Gore.)

Accordingly, it is hereby ORDERED that:

1) defendant's request for an award of attorney's fees is granted;

2) defendant is granted an award of attorney's fees against plaintiff individually in the amount of $100; and

3) defendant is granted an award of attorney's fees against plaintiff's counsel, Hyatt Legal Services, in the amount of $2,403.50.

---

1.

| Richard White | 5.7 hrs × $55/hr = | $ 313.50 |
|---|---|---|
| Michael Arnold | 6.3 hrs × 75/hr = | 472.50 |
| | 1.5 hrs × 85/hr = | 127.50 |
| Peggy McNeive | 32.0 hrs × 55/hr = | 1,815.00 |
| | 6.8 hrs × 70/hr = | 476.00 |
| | | $3,204.50 |

McNeive's hourly rate increased from $55 to $70 after January 1, 1988. Arnold's hourly rate increased from $75 to $85 after October 1, 1988.