Joan A. COX, Plaintiff,

v.

**RELIANCE STANDARD LIFE INSURANCE COMPANY, Defendant.**

**No. CIV.A.01–423–A.**

United States District Court, E.D. Virginia, Alexandria Division.

Nov. 25, 2002.

---

Patrick M. Regan, Regan, Halperin & Long, PLLC, Washington, DC, for plaintiff.

Edward John Longosz, II, Eckert, Seamans, Cherin & Mellot, LLC, Washington, DC, for defendant.

### MEMORANDUM OPINION

BRINKEMA, District Judge.

Before the Court is plaintiff's Motion for Attorneys' Fees in which she requests an award of $33,079.00 in attorneys' fees incurred during defendant's unsuccessful appeal of our decision granting summary judgment in plaintiff's favor. For the following reasons, we find that plaintiff is entitled to an award of $27,854.00.

Plaintiff Joan Cox brought this action under the Employment Retirement Income Security Act ("ERISA") to recover life insurance benefits under her husband's employee benefits plan, after he was accidentally shot to death in their home by police officers. Initially, defendant denied plaintiff's claim on the grounds that the decedent, Brian Cox, was committing a felony when the police shot him. After appealing that denial administratively, plaintiff filed this civil action. On October 5, 2001, we entered summary judgment in plaintiff's favor in the amount of $250,000.00, the full value of Brian Cox's life insurance policy benefit. On November 16, 2001, in response to her motion, we also awarded plaintiff $50,245.45 in attorneys' fees.

Defendant appealed both of these rulings to the Court of Appeals for the Fourth Circuit, which affirmed both rulings in an unpublished opinion. *Cox v. Reliance Standard Life Ins. Co.*, 2002 WL 1837945 (4th Cir. Aug.13, 2002). On August 26, 2002, plaintiff filed a Motion for Attorneys' Fees with the Court of Appeals requesting an award of attorneys' fees in connection with the appeal. After receiving an opposition from the defendant, the Court of Appeals remanded the issue to this Court for decision.

Under ERISA, a district court has discretion to award reasonable attorneys' fees and costs to the prevailing party. 29 U.S.C. § 1132(g). In determining whether to award attorneys' fees, a court should consider five factors, which include any bad faith by the opposing party, the ability of the opposing party to satisfy an award of fees, whether an award of fees would act as a deterrent, whether the action resolves a significant legal question regarding ERISA itself, and the relative merits of both parties' positions. *Quesinberry v. Life Ins. Co. of N. Am.*, 987 F.2d 1017, 1030 (4th Cir.1993); *Reinking v. Philadelphia American Life Ins. Co.*, 910 F.2d 1210 (4th Cir.1990).

Two factors do not favor an award of attorneys' fees. Plaintiff has not alleged any bad faith on the part of the defendant in prosecuting the appeal,[1] and, as we found in our earlier award of attorneys' fees, this civil action does not raise significant legal questions about ERISA itself. However, plaintiff has established the remaining factors. It is undisputed that the defendant can satisfy any award of attorneys' fees. As to the relative merits of the parties' positions, defendant's initial decision to deny plaintiff benefits and to continue to oppose plaintiff's claim for benefits in this court and on appeal was unreasonable given the evidence before it. Moreover, an award of attorneys' fees in this case may deter insurance companies, including Reliance, from unreasonably denying benefits to their insured in the future.

---

1. Plaintiff does reference unreasonable positions taken by the defendant during the prosecution of this case before this Court. Because the Court has already considered such actions in awarding attorneys' fees to the plaintiff for the underlying suit, we will not consider such evidence in our decision on plaintiff's current motion.

Finally, we recognize that ERISA was enacted "to promote the interests of employees and their beneficiaries in employee benefit plans." *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 90, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983). The Fourth Circuit has held that district courts should consider the remedial purposes of ERISA in deciding whether to award attorneys' fees. *Quesinberry,* 987 F.2d at 1030. In this case, failure to award reasonable attorneys' fees would force this widow to pay her attorneys out of the life insurance payment to which she was entitled. Such a result does not effectuate the remedial purposes of ERISA.

Having determined that an award of attorneys' fees is appropriate, we must establish the "lodestar" figure. *Lain v. UNUM Life Ins. Co. of America,* 279 F.3d 337, 348 (5th Cir.2002). The lodestar is calculated by multiplying the reasonable number of hours worked by an appropriate hourly rate. *Brodziak v. Runyon,* 145 F.3d 194, 196 (4th Cir.1998).

Plaintiff continued to be represented on appeal by the Washington, D.C. law firm of Regan, Halperin & Long. Two lawyers at this firm, one partner and one associate, have billed 105.1 hours for work on this appeal, and these are the only hours for which plaintiff seeks an award. Regan, Halperin & Long has not submitted any evidence of time spent on this appeal by any support personnel, nor does the plaintiff seek reimbursement for work spent on plaintiff's cross-appeal or reply brief stricken by the Fourth Circuit.[2]

Patrick Regan, a senior partner, worked 48.5 hours on this appeal between October 26, 2001 and August 19, 2002, including preparing and delivering oral argument before the Court of Appeals. Although Mr. Regan billed at a rate of $425 per hour in 2001, we previously awarded $350 per hour for his work, finding that rate more consistent with the legal market in Northern Virginia. Because Mr. Regan increased his billing rate by $25 in 2002, he now seeks an approved billing rate of $375 for all hours worked in 2002. We find that $350 per hour is more consistent with the local legal market and will continue to use that rate.

Plaintiff also seeks reimbursement for 62.6 hours spent by Thanos Basdekis, a senior associate, working on this appeal between October 29, 2001 and July 25, 2002. Mr. Basdekis billed at a rate of $215 per hour in 2001 and we approved this billing rate in a previous ruling. Mr. Basdekis also seeks an increase of $25 per hour for all hours billed in 2002, but we decline to increase this hourly rate.

Defendant opposes the fees sought, arguing that plaintiff's attorneys' fees are duplicative and excessive. In particular, defendant argues that it should not have to pay for Mr. Basdekis to travel to and attend the oral argument in this case when the oral argument was presented entirely by Mr. Regan.

We agree with the defendant that it should not have to pay for unnecessarily duplicative work. Therefore, fees will not be awarded for Mr. Basdekis' travel to and attendance at oral argument in this case. We thereby reduce his lodestar figure to $10,879.00, comprised of 50.6 hours at the rate of $215 per hour. However, we find all the time spent by Mr. Regan to be reasonable, and, therefore, his lodestar figure is $16,975.00, comprised of 48.5 hours at the rate of $350 per hour. The total lodestar figure is $27,854.00.

The lodestar may be adjusted upward or downward based upon consideration of the

---

**2.** Defendant has already paid costs sought by the plaintiff.

factors identified in *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226–28 (4th Cir.1978).[3] We have considered all twelve factors and find that the lodestar need not be adjusted either upward or downward.

Accordingly, Plaintiff's Motion for Attorneys' Fees will be granted by an appropriate Order to be issued with this Memorandum Opinion.

The Clerk is directed to forward copies of this Memorandum Opinion to counsel of record.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, plaintiff's Motion for Attorneys' Fees is GRANTED, and it is hereby

ORDERED that defendant pay plaintiff $27,854.00 for the attorneys' fees she incurred in connection with the appeal of our grant of summary judgment in plaintiff's favor.

The Clerk is directed to forward copies of this Order to counsel of record.

---

**3.** The *Kimbrell* factors are as follows:
(1) time and labor expended;
(2) novelty and difficult of questions raised;
(3) the skill required to properly perform the legal services rendered;
(4) the attorneys' opportunity costs in pressing the litigation;
(5) the customary fee for like work;
(6) the attorneys' expectation at the outset of the litigation;
(7) time limitations imposed by the client or the circumstances of the case;
(8) amount in controversy and the result obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case within the legal profession;
(11) the nature and length of the professional relationship between the attorney and client; and
(12) attorneys' fees awards in similar cases.